G. P. HUGHES v. S. E. LONG, DEFENDANT, AND GULF REFINING COMPANY, INTERVENER.

(Filed 13 October, 1937.)

**1. Landlord and Tenant § 17—Parties held not to have intended cancellation of sublease on undisputed facts of this case.**

A., having a leasehold estate in a filling station for a period of years, assigned his lease to B., who subleased back to A. for the entire period, and then conveyed his interest in the property to C., subject to the rights of A. under the sublease. C. then leased the property to A. for a period of one year, at a rental of one cent on every gallon of gas sold, and A. operated the station, but prior to the expiration of the one-year period the agreement was canceled by mutual consent, and A. leased to B. and asked C. to "change over his gas contract" to D. C. then rented to D. for one cent a gallon of gas sold, the contract being in the same terms as the "gas contract" which A. asked to be "changed over." D. went into possession and operated the station, paying A. the stipulated monthly rental under his agreement with A., and paying C. the rental of one cent a gallon for gas sold in accordance with his agreement with C. Thereafter D. refused to pay A. further rent, D. and C. contending that A. relinquished all right in the property when the "gas contract" between A. and C. was canceled by mutual consent. *Held:* The cancellation of the "gas contract" did not affect the sublease from B. to A., and C. took subject to A.'s rights thereunder, and the parties themselves construed their rights under the agreements by D.'s going into possession and paying rents to A. and C. under his respective agreements with them, and A. is entitled to possession of the property upon D.'s refusal and failure to pay the monthly rental stipulated in the agreement between them.

**2. Contracts § 8—**

The courts will generally adopt that construction given the agreement by the parties themselves before differences between them.

APPEAL by defendant and intervener from the Superior Court of NORTHAMPTON, *Grady, J.*, presiding. Affirmed.

This was a proceeding for the possession of a gasoline service station near Jackson, North Carolina, instituted by plaintiff, alleged leaseholder, against defendant Long, sublessee, alleged to be holding over. The Gulf Refining Company was permitted to intervene, claiming a leasehold on the premises and to be the lessor of defendant Long.

At the trial it was agreed that no issue of fact was presented by the evidence, and that the presiding judge should determine the rights of the parties upon the written leases and oral testimony offered. From judgment that the plaintiff was the owner of a leasehold in the premises, and that defendant Long was in wrongful possession thereof, and that intervener's lease was subordinate to plaintiff's right, both the defendant and the intervener appealed.

*Eric Norfleet for plaintiff, appellee.*
*Gay & Midyette for Gulf Refining Company, intervener.*

DEVIN, J. The material facts were not controverted. They may be briefly summarized as follows: The owners of the real estate, whose title is not involved, leased the premises to the plaintiff Hughes for a term ending 14 August, 1939. On 30 November, 1929, for a valuable consideration, plaintiff assigned and conveyed his lease to H. O. Carlton, and H. O. Carlton, on the same date, leased the premises again to plaintiff for the term ending 14 August, 1939, at a rental of fifteen dollars per month.

On 1 February, 1931, H. O. Carlton assigned and conveyed all his interest in the lease to the intervener, Gulf Refining Company, expressly excepting and reserving, however, all the right and interest acquired by plaintiff Hughes under the sublease to him dated 30 November, 1929, thereby substituting Gulf Refining Company for Carlton as owner of the lease, subject to the right of plaintiff to his sublease thereon for the entire period. Plaintiff operated the service station.

On 29 May, 1935, Gulf Refining Company and plaintiff entered into a new contract of rental, for a period of one year, for the payment of one cent on each gallon of gasoline sold to be paid as rent. On 17 December, 1935, plaintiff made and signed an entry on the last mentioned contract of 29 May, 1935, "Canceled by mutual consent."

On 15 December, 1935, plaintiff leased the premises to defendant Long for a rental of one dollar per day, and defendant Long paid that rent for the period of one year and until 15 December, 1936, since when he has failed and refused to pay, and remains in possession of the premises. This proceeding was instituted 10 February, 1937.

On 17 December, 1935, intervener, Gulf Refining Company, executed a lease of the property to defendant Long for a year for payment as

rental of one cent per gallon on gasoline sold. This lease is in same form as that given plaintiff on 29 May, 1935.

Plaintiff testified that at the time he turned the service station over to defendant Long he so advised the intervener, and asked that his "gas contract" be "changed over" to Long, and testified: "We changed it."

Upon these facts, the appellants' contention is that the plaintiff, on 29 May, 1935, then in possession of the premises under the intervener, entered into a new agreement, the terms of which were inconsistent with and in substitution for the existing contract, and that when he consented to cancel and surrender the lease of 29 May, 1935, he parted with all interest in the premises, and should not now be allowed to assert any right thereto.

But it is apparent that plaintiff's sublease from Carlton for the period ending 14 August, 1939, has not been abrogated. It was expressly acknowledged in the conveyance from Carlton to the Gulf Refining Company, and excepted from the provisions of the latter's lease. It was still subsisting and was not canceled, nor intended to be canceled, by the later agreement, which provided for payment based on the quantity of gasoline sold, and was limited to one year. It would seem that the plaintiff's understanding, when he consented to cancel the contract of 29 May, 1935, was that he "changed over his gas contract" to Long. He testified this was done with the knowledge and consent of intervener. Certainly it is not controverted that thereupon Long went into possession of the service station, paying intervener one cent per gallon for gasoline sold and paying plaintiff one dollar per day for the period of one year, and until 15 December, 1936. This was the construction placed upon these leases and contracts by the parties themselves, and their course of dealing was in accordance with this interpretation, until shortly before the institution of this proceeding.

There is a well defined rule of construction that, in cases of doubtful meaning of the language of contracts, the interpretation the parties themselves have put upon them will ordinarily be followed by the courts. *Cole v. Fibre Co.,* 200 N. C., 484.

We conclude that the court below has correctly decided the controversy, on the leases and evidence offered, and that the judgment to the effect that plaintiff's sublease of the premises is subsisting, and that as lessee of the intervener he is entitled to the possession of the premises, and that defendant wrongfully withholds possession from him, was properly entered.

Judgment affirmed.